UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA WAGES,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 5:14-cv-04328-HRL<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 7, 22 |

**INTRODUCTION**

Plaintiff Sandra Wages has sued the United States of America, alleging that it is responsible for a personal injury she suffered. Defendant United States of America moved to dismiss the case on the ground that plaintiff did not timely present her administrative tort claim, as required under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2401(b). Dkt. No. 7. Wages filed an Opposition (Dkt. No. 14), and the government filed a Reply (Dkt. No. 15). After briefing was complete, the case was stayed pending the Supreme Court's decisions in *Kwai Fun Wong v. United States*, 732 F.3d 1030 (9th Cir. 2013), cert. granted 134 S. Ct. 2873 (2014) and *June v. United States*, 550 F. App'x. 505 (9th Cir. 2013), cert. granted 134 S. Ct. 2873 (2014). In subsequently deciding those cases, the Supreme Court held that equitable tolling could apply to an FTCA claim. *See United States v. Kwai Fun Wong*, 135 S. Ct. 1625 (2015) (deciding both *June*

and *Wong*).[1] Following the Supreme Court's decision, the government requested that the Court treat the previously filed motion to dismiss as a motion for summary judgment, and consider various declarations concerning matters outside the pleadings. Dkt. No. 18 at 2. Plaintiff suggested that she would be prejudiced by converting the motion to dismiss into a motion for summary judgment, but did not specifically identify any additional discovery necessary for the Court to rule on summary judgment, as required by Federal Rule of Civil Procedure 56(d). Dkt. Nos. 19, 23. Accordingly, the Court converted Defendant's Motion to Dismiss into a Motion for Summary Judgment. Dkt. No. 21. Both Plaintiff and Defendant then filed Supplemental Briefs. Dkt. Nos. 22 and 23. The Court held a hearing on June 16, 2015. Dkt. No. 25. Upon consideration of the matter, the Court **GRANTS** the Motion for Summary Judgment.

## BACKGROUND

This action arises out of slip and fall that occurred on October 20, 2011 at the Fort Hunter Ligget ("FHL") Army Base. Dkt. No. 1, Compl. ¶ 10. That morning, Wages fell over uneven pavement while walking within the base. *Id.* There was a "one inch difference between the concrete sidewalk and the asphalt parking lot" where Wages fell, and the area was not marked with any type of warning. *Id.* As a result of her fall, Wages suffered injuries to her right wrist and left knee. *Id.* ¶ 16.

Wages wished to file an FTCA claim and retained counsel on or before December 29, 2011. Dkt. No. 7-1, Scharf 12/10/2014 Decl., Ex. A. As explained further below, Wages was required to present her FTCA claim to the appropriate federal agency within two years of the incident. 28 U.S.C. § 2401(b). In this case, Wages was required to present her claim by October 21, 2013, as October 20, 2013 was a Sunday.

On October 18, 2013, Wages' claim was sent via regular mail from her counsel's office in San Louis Obispo, California to the FHL police department in Fort Hunter Ligget, California and

---

[1] Although *June* and *Wong* were not consolidated, the Supreme Court "address[ed] them together because everyone agrees that the core arguments for and against equitable tolling apply equally to both of § 2401(b)'s deadlines." 135 S. Ct. at 1630 n.1.

to the Office of the Staff Judge Advocate ("OSJA") in Monterey, California. Dkt. No. 14-2, Romero Decl. ¶ 2. Plaintiff maintains that her claims were received by the FHL police and OSJA by October 21, 2013. The claim letter sent to the OSJA was postmarked on October 18, 2013 and was stamped as received by the Staff Judge Advocate mail room on October 22, 2013. Dkt. No. 7-2, Bennett 01/14/2015 Decl. ¶ 4. The FHL police department does not have any record indicating that Wages' claim letter was ever received. Dkt. No. 7-5, Lovett 01/14/2015 Decl. ¶¶ 3-4. Wages maintains that the OSJA's mail distribution procedures show that the claim was delivered on October 21, 2013, even if the OSJA did not date-stamp the claim until October 22, 2013.

The distribution procedures for official claim letters sent to the OSJA are as follows: (1) a mail clerk at the Presidio of Monterey United States Postal Service ("Presidio USPS") picks up official mail daily before 9:00 a.m., (2) mail is immediately sorted and distributed to the OSJA's box at the Official Mail and Distribution Center, (3) a member of the OSJA picks up the mail from their distribution bin on a daily basis before 11:00 a.m. and puts it in the appropriate branch mail box in the OSJA mailroom, (4) a Claims Branch employee collects the mail from the Claims Branch mail box and date-stamps the envelope with the date received and initials it, (5) that employee marks it for or distributes it to the applicable claims employee. *See* Dkt. No. 7-3, Lino 01/14/2015 Decl.; Dkt. No. 7-4, Din 01/14/2015 Decl.

On March 27, 2014, the Army Claims Office sent a letter to Wages' counsel denying her claim for failure to file within the two-year limitation period under the FTCA. Scharf 12/10/2014 Decl., Ex. B.

The government moved to dismiss Wages' complaint, arguing that the complaint did not include any facts showing that the FTCA claim was timely received, nor did the complaint allege sufficient evidence to support equitable tolling. Dkt. No. 7 at 4; Dkt. No. 22 at 4. The Court converted the motion to dismiss into a motion for summary judgment. Dkt. No. 21.

## LEGAL STANDARD

Under Rule 56(a), summary judgment is appropriate if the moving party demonstrates that

there is no genuine dispute of material fact and that the moving party is entitled to judgement as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The burden of proof on the moving party may be shifted if the moving party can demonstrate that there is not sufficient evidence to support the opposing party's claim. *Id.* at 325. If the burden of proof is shifted to the non-moving party and it cannot show the required evidence, the moving party is entitled to summary judgment as a matter of law. *Id.* at 323.

**DISCUSSION**

In order to bring a claim under the FTCA, a plaintiff must present an administrative tort claim to the appropriate federal agency within two years after the claim accrues:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented

28 U.S.C. § 2401(b). Such a claim is "presented" when it is received by the federal agency. *Bailey v. United States*, 642 F.2d 344 (9th Cir. 1981) (citing 28 C.F.R. § 14.2). Wages bears the burden of proof to establish that her claim was presented to the appropriate federal agency by the two-year deadline. *Id.* As the Supreme Court explained in *Kwai Fun Wong*, the two-year statute of limitations may be equitably tolled.

Wages first argues that her claim was actually timely presented to the OSJA on October 21, 2013, and then argues that even if the claim was not presented until October 22, 2013, the Court should equitably toll the statute of limitations for one day, and consider her claim timely presented. The Court addresses each argument in turn, and finds that Wages did not timely present her claim on October 21, 2013, and that Wages does not present any facts justifying equitable tolling. Accordingly, the Court grants the government's motion for summary judgment.

**A.     Timeliness of Claim**

Wages mailed two FTCA claim letters – one to the FHL police department and one to the OJSA. Romero Decl. ¶ 2. Neither claim was presented to the government within the two-year

statute of limitations period: the claim mailed to the FHL was never received, and the claim mailed to OJSA was not presented until October 22, 2013.

To timely file an FTCA claim, a plaintiff must establish that her claim was presented to the appropriate federal agency before the expiration of the two-year deadline. 28 U.S.C. § 2401(b). Presentment of the claim must occur within two years from the incident, *id.*, and requires that the federal agency "*receive[]* from the claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." *Bailey v. United States*, 642 F.2d 344, 346 (9th Cir. 1981), citing 28 C.F.R. § 14.2 (emphasis added). The term "present" has a meaning different from the term "received" because a claim received by a federal agency may not be in proper form pursuant to 28 U.S.C. §§ 2401(b) and 2675(a). Thus, a claim is presented pursuant to 28 U.S.C. § 2675(a) when a federal agency actually receives a claim with the specified requirements.

In *Vacek v. United States Postal Service*, 447 F.3d 1248 (9th Cir. 2006), the Ninth Circuit, analyzing the presentment requirement, held that the mailbox rule does not apply to FTCA claims.[2] The Ninth Circuit further noted that "virtually every circuit to have ruled on the issue has held that the mailbox rule does not apply to [FTCA] claims, regardless of whether it might apply to other federal common law claims." *Id.* Further, the court rejected the appellant's claim that there was presumption of receipt by the government, noting that "[a]ssuming, without deciding, that such a presumption may arise under federal law, it was amply rebutted by the affidavits presented to the district court by the government." *Id.*, citing *Bailey*, 642 F.2d at 347.

Another case in this District has also held that "mailing is insufficient to satisfy the presentment requirement." *Jimenez v. United States Postal Serv.*, No. 13-CV-02883-EMC, 2013 WL 5529722, at *3 (N.D. Cal. Oct. 7, 2013). In *Jimenez*, plaintiff alleged that he was injured

---

[2] Plaintiff's counsel also acknowledged at the hearing that the mailbox rule does not apply to FTCA claims.

5:14-cv-04328-HRL
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
5

when a USPS vehicle collided with a vehicle in which plaintiff was a passenger. *Id.* at *1. Plaintiff's counsel sent a claim form via regular mail on June 4, 2012, the day before the two-year statute of limitations expired. *Id.* The USPS received the claim on June 6, 2012, and it was date-stamped on June 7, 2012. *Id.* After the USPS denied the claim because it was not filed within the two-year statute of limitations, plaintiff filed suit. *Id.* The district court granted the government's motion to dismiss, finding that "[b]ecause the USPS did not *receive* [p]laintiff's claim within the two-year statutory period mandated by the FTCA, [p]laintiff's claim was not properly presented to the USPS." *Id.* at *4 (emphasis in original).

So, plaintiff cannot rely on the mailbox rule. And, she has the burden of proving her claim was timely presented to the government. Did Wages present her FTCA claim to the FHL police or the OSJA by the October 21, 2013 deadline?

Plaintiff's mailing to the FHL police was never received, and plaintiff's counsel acknowledged at the hearing that she was not relying on the FHL mailing to establish presentment. *See* Lovett 01/14/2015 Decl. ¶¶ 3-4.

Although the OSJA did ultimately receive Wages' claim, plaintiff has failed to prove that the letter was received by the OSJA on October 21, 2013. Based on the OSJA's mail procedures, Wages' claim was received by the Presidio USPS office, at the latest, before 9:00 a.m. on October 22 or, at the earliest, sometime after 9:00 a.m. on October 21. However, the possibility that the letter was delivered to the Presidio USPS on October 21 is not proof of actual delivery to the OSJA on that date. The mere possibility of delivery to the Presidio USPS is not sufficient to meet the burden of persuasion to establish this court's jurisdiction over plaintiff's FTCA claim. *See Vacek,* 447 F.3d at 1252. The envelope dated and initialed by the OSJA proves that the Claims Office of the OSJA actually received the claim on October 22, 2011, two years and one day after Wages' incident. Scharf 12/10/2014 Decl., Ex. A. Even if the claim was physically delivered to the Presidio USPS on or before the October 21 deadline, it was not "presented" to the U.S. Army until it was marked as received by the OSJA. In other words, until the OSJA date-stamped the

envelope, it was still in the process of getting delivered and would not be considered as received or presented. To hold otherwise would effectively allow plaintiff to rely on the mailbox rule, which does not apply here. *See Bailey*, 642 F.2d at 346. As the Ninth Circuit stated in *Bailey*, here, "the claim was not 'presented,' i.e., 'received by the agency,' as the statute and the regulation require, within two years." *See id*.

In sum, just like plaintiff's counsel in *Vacek* and *Jimenez*, Wages' counsel chose to send both claim letters via regular mail. "It would have taken minimal effort on the part of [plaintiff's attorney] to verify that the claim had been received: sending it by certified mail." *Vacek*, 447 F.3d at 1252. Likewise, "[plaintiff's attorney] opted to send the SF-95 via regular mail, with no expedited treatment." *Jimenez*, 2013 WL 5529722, at *4. The claim letter sent to the OSJA was delivered to the OSJA mail room on October 22, 2013, one day after the statute of limitations had expired. Bennett 01/14/2015 Decl. ¶¶ 4-5. The claim letter sent to the FHL police department was never received. Lovett 01/14/2015 Decl. ¶¶ 3-4. Thus, Wages' claim was presented outside of the two-year statute of limitations under the FTCA, and is untimely.

## B.   Equitable Tolling

As Wages' claim was untimely, the Court considers whether to equitably toll the statute of limitations. Wages argues that tolling is appropriate because the government's mail-handling practices do not guarantee that a letter will be date-stamped on the day it is received. Dkt. No. 23 at 3. She argues that this "constitute[s] extraordinary circumstances outside of the control of Plaintiff and her counsel." *Id.* The Court does not agree.

To invoke the doctrine of equitable tolling, a plaintiff must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013) *cert. granted sub nom. United States v. Kwai Fun Wong*, 134 S. Ct. 2873 (2014) and *aff'd and remanded sub nom. United States v. Kwai Fun Wong*, 135 S. Ct. 1625 (2015). This standard is very high. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (stating "a garden variety claim of excusable neglect" is

not enough to show equitable tolling); *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 384-86 (9th Cir. 1996) (affirming rejection of equitable tolling argument where plaintiff did not diligently pursue her claim by filing suit on time); *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."). "The burden is on the plaintiff to show that equitable tolling is appropriate." *United States v. Marolf*, 173 F.3d 1213, 1218 n.3 (9th Cir. 1999) (citation omitted).

In the present case, Wages argues that she diligently pursued her claim. Dkt. No. 14 at 21. However, her counsel waited until just one business day before the expiration of the two-year statute of limitations to file her claim. *Id.* at 4. The only explanation Wages' counsel offers is that, due to the close proximity between his office and the destination of the claim letters, he expected both letters to be received and date-stamped in a timely fashion, or to be returned as undeliverable. Dkt. No. 14-1, McKiernan Decl. ¶¶ 5-6. But, Wages had retained counsel as of December 29, 2011, well over a year before the two-year deadline expired under the FTCA. Scharf 12/10/2015 Decl., Ex. A. Despite this, Wages' counsel waited until the eleventh hour to mail her administrative claim. *Id.* Like in *Jimenez*, here, Wages' failure to meet the two-year deadline occurred because her counsel chose to mail the claim form just days before the statute of limitations was set to expire. As the Supreme Court has stated, "[i]t is no doubt true that there are cases in which a litigant proceeding without counsel may make a fatal procedural error, but the risk that a lawyer will be unable to understand the exhaustion requirement is virtually nonexistent." *McNeil v. United States*, 508 U.S. 106, 113 (1993). Thus, the Court finds that Wages did not diligently pursue her claim.

Wages also argues that the government's mail-handling procedures constitute extreme circumstances that were out of her control. Dkt. No. 14 at 21. Unlike in *Kwai Fun Wong*, here, there are not any extraordinary circumstances such as concealment by the government that might justify equitable tolling. Wages' counsel could easily have sent the claim letter earlier, or used

expedited or certified mail to ensure that it was received and presented before the deadline. Accordingly, given the high standard required to invoke equitable tolling, the Court finds that it is not appropriate in this case.

## CONCLUSION

Based on the foregoing, the Defendant's Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED**.

Dated: June 18, 2015

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
9

5:14-cv-04328-HRL Notice has been electronically mailed to:

James A. Scharf     james.scharf@usdoj.gov, mimi.lam@usdoj.gov

James F. McKiernan     jmckiernan@mckiernanlaw.com

Mansour Sig Haddad     shaddad@mckiernanlaw.com